# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JACK VAN WINKLE,** | § | **COLLECTIVE ACTION COMPLAINT** |
| **Individually and On Behalf of All** | § | |
| **Others Similarly Situated,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 2:18-cv-372** |
| | § | |
| **CHEVRON U.S.A., INC.;** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jack Van Winkle ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint, as follows:

## I.    PRELIMINARY STATEMENT

1.    Chevron U.S.A., Inc. ("Chevron" or "Defendant") was formerly the employer of Plaintiff.  Plaintiff was hired by Defendant as a safety advisor and paid a salary for each week worked, regardless of the number of hours worked in each day or each week.  Defendant paid Plaintiff (and other similarly situated employees) a salary in order to avoid paying overtime. During his time with Defendant, Plaintiff typically worked 100 hours per week.   Yet Plaintiff (and other similarly situated employees) did not receive any additional compensation for the hours worked above forty in a week, and thus Defendant denied their workers overtime pay in violation of federal law.

2.      Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3.      This collective action sought to be certified under the FLSA consists of:

**ALL SAFETY ADVISORS (OR THOSE WITH SIMILAR JOB DUTIES) WORKING FOR CHEVRON DURING THE PAST 3 YEARS WHO WERE PAID A SALARY WITH NO OVERTIME (THE "CLASS MEMBERS").**

4.      Plaintiff, on behalf of himself and all others similarly situated, also brings a class action under New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "NMMWA"). This class action sought to be certified under the NMMWA consists of:

**ALL SAFETY ADVISORS (OR THOSE WITH SIMILAR JOB DUTIES) WORKING FOR CHEVRON FROM AT LEAST JANUARY OF 2014 UN TIL THE PRESENT DATE WHO WERE PAID A SALARY WITH NO OVERTIME (THE "CLASS MEMBERS").[1]**

5.      Defendant willfully committed widespread violations of the FLSA and the NMMWA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.      PARTIES

6.      Plaintiff is an individual who was formerly employed by Defendant.   Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

---

[1] The exact period covered by the NMMWA class action is unknown at this time because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," see NMSA 1978 § 50-4-32. Thus, the period covered by the NMMWA claim for Plaintiff and the Class Members would begin when Chevron's misclassification scheme started until it ended.   Plaintiff intends to seek discovery from Chevron regarding the time period of its misclassification scheme of its Safety Advisors such as Plaintiff and intends to amend its Complaint after discovering this information.

7.     Chevron is a foreign corporation organized under the laws of Pennsylvania. Chevron maintains its headquarters and principal place of business in Contra Costa County, California.   Chevron is a citizen of both Pennsylvania and California. Chevron may be served through its registered agent for service of process, Prentice-Hall Corp System, Inc., 211 E. 7th St., Suite 620, Austin, TX 78701.

### III.     JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq.   Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9.     This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in New Mexico and it has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case.   This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV.     COVERAGE

11.     At all relevant times Chevron acted as the employer with respect to Plaintiff and others similarly situated.   Chevron was responsible for all decisions related to the wages to be

paid to Plaintiff and others similarly situated, the work to be performed by the Class Members, the locations of work performed by the employees, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

12. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiff (and others similarly situated) was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

15. Chevron is a major oil and gas production company. Plaintiff worked as a safety advisor of Defendant from approximately January of 2014 until April of 2016. Because Plaintiff and the other Chevron employees are paid a weekly salary, regardless of the number of hours worked in a given week (even those above forty), they are denied overtime pay in violation of the FLSA.

16. No exemption excuses Defendant from paying Plaintiff and the other Class Members overtime rates under the FLSA and/or the NMMWA.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                   **Page 4 of 11**

17.     Defendant failed to make a good faith effort to comply with the FLSA and/or the NMMWA.  Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.  Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

18.     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

19.     Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action.  Pursuant to the FLSA and/or the NMMWA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI.  COLLECTIVE ACTION ALLEGATIONS

20.     Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant.

21.     Plaintiff brings his claim on behalf of all current and former Class Members.

22.     Defendant' compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

23.     Defendant' pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or the Class Members.

24.     Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant' liability under the FLSA.

25.     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

26.     Plaintiff requests that Defendant identify all prospective members of the proposed class of Class Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

27.     Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

28.     Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

29.     Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

**VII.    CLASS ACTION ALLEGATIONS**

30.     The foregoing allegations are incorporated herein by reference.

31.     Plaintiff brings his class action on behalf of the respective Class Members.  The Class Members are so numerous that their joinder is impracticable.  While the precise number of the Class Members is unknown, there are a significant number of them that worked at least one workweek of amore than 40 hours in New Mexico over the past three years.

32.     Plaintiff's claims are typical of the Class Members.  He and the Class Members (1) were responsible for performing manual labor on Chevron's drilling rigs; (2) worked over 40 hours in at least one workweek of at least 40 hours in or out of New Mexico; and (3) were not paid overtime.

33.     Common questions of law and fact predominate over any questions affecting any individual members, including:

•      Whether Chevron violated the NMMWA;

•      The proper measure of damages sustained by the respective New Mexico Wage Act Class Members; and

•      Whether Chevron should be enjoined from committing the alleged violations of the NMMWA in the future.

34.     As a result, Plaintiff will fairly and adequately protect the respective Class Members and has retained counsel experienced in complex wage and hour litigation.

35.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because Chevron acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

36.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation re-

sulting in inconsistent judgments pertaining to policies and practices, including the OT Misclas-

sification Policy. No apparent difficulties exist in managing this class action. Plaintiff intends to

send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

37.     Chevron violated and continue to violate NMMWA through their continuing

course of conduct that began with the inception of their misclassification policy described herein

and, on information and belief, has continued with the enforcement of the same misclassification

policy until the at least of the date of this filing.

## VIII.   CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA

38.     The foregoing allegations are incorporated herein by reference.

39.     Plaintiff and others similarly situated were non-exempt employees of Defendant.

40.     Plaintiff and others similarly situated are entitled to overtime pay for all hours in

excess of forty worked during each seven-day workweek.

41.     Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff or others

similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular

rate.

42.     In further violation of the FLSA, Defendant failed to maintain accurate employee

pay records, including the number of hours worked per workweek by Plaintiff and other similarly

situated employees.

43.     Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid

overtime compensation and an additional equal amount as liquidated damages for a period of

three years from the date of the filing of this complaint, as well as reasonable attorney's fees,

costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## COUNT TWO - VIOLATIONS OF THE NMMWA

44.    The foregoing allegations are incorporated herein by reference.

45.    Plaintiff and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

46.    During the relevant time period, Chevron violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

47.    As a direct and proximate result of Chevron's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer from a loss of income and other damages.

48.    Plaintiff and the Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA.

49.    Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Chevron's continued course of conduct regardless of the date on which they occurred.

50.    Plaintiff further requests that the Court, in addition to awarding the above-referenced monetary relief, also issue a permanent injunction prohibiting Chevron from engaging in

the violations of the New Mexico Minimum Wage Act as described herein and requiring Chevron to post in its respective places of business (i.e. its headquarters as well as all field offices) a notice describing violations by the Chevron as found by the court or such other and further injunctive relief as the Court may deem appropriate.

## IX.    RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully request that Defendant be required to answer and appear, and that on final hearing, Plaintiff and other members of the collective action be awarded:

   a. Unpaid overtime wages for all hours worked in excess of forty hours in a work-week at the rate of one and one-half times the employee's regular rate of pay;

   b. Liquidated damages in an amount equal to the unpaid overtime compensation;

   c. Attorney's fees, costs and expenses;

   d. Pre- and post-judgment interest at the highest rates allowed by law; and

   e. All other relief, at law or in equity, to which they, and others similarly situated, to which Plaintiff and the Class Members may be justly entitled.

WHEREFORE, Plaintiff, individually and on behalf of the NMMWA Class Members, prays for relief against Chevron as follows in regards to the class action complaint:

   a. For an order Certifying the State Wage Act claims as a class action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as class representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

   b. For judgment that Chevron violated NMMWA by failing to pay Plaintiff and the Class Members overtime compensation;

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                    **Page 10 of 11**

c.  For an order awarding Plaintiff and the Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, pre- and post-judgment interest and all available penalties or other remedies under NMMWA;

d.  For all costs, expenses and attorney's fees incurred prosecuting this claim, as allowed by law; and

e.  For injunctive relief as requested herein and for such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFF**